UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYDIA REID,

        Plaintiff,

Case No. 11-13521

Honorable John Corbett O'Meara

v.

MARTINREA FABCO HOT STAMPINGS, INC.,
*et al*.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANTS MFHS AND BEAUREM'S DECEMBER 9, 2011 MOTION TO DISMISS**

    This matter came before the court on defendants Martinrea Fabco Hot Stamping, Incorporated, ("MFHS") and Dana Beaurem's December 9, 2011 motion to dismiss. On December 13, 2011, the court ordered plaintiff Lydia Reid to file a response to the motion by January 9, 2012; however, Plaintiff failed to file a response. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

    Plaintiff, a *pro se* litigant, filed a one-count complaint August 12, 2011, alleging

> VIOLATIONS OF FEDERAL LABOR LAW, INTERNATIONAL TREATY LAW, AND UNITED STATES CONSTITUTIONAL LAW FOR FAILURE TO REPRESENT[,] DENYING RIGHT TO REINSTATEMENT THROUGH GRIEVANCE PROCEDURE[,] WRONGFUL TERMINATION AND VIOLATION OF COLLECTIVE BARGAINING AGREEMENT ACTION FOR COMPENSATORY AND EXEMPLARY DAMAGES.

Compl. at 6.

    As a threshold matter, the complaint must be dismissed, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for failure to effect service of process on defendants MFHS and Beaurem. Plaintiff mailed copies of the complaint and summonses for all defendants to MFHS' business address, and they were opened by a dispatcher employed by MFHS. However, service of

process by regular mail on a corporation is insufficient under Michigan law.  See State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc., 2007 WL 127909 (E.D. Mich. Jan. 11, 2007). Under Michigan Court Rule 2.105(D), Plaintiff was required to personally serve the complaint and summons on an officer or resident agent of the corporation or to send copies by registered mail to the corporation's principal office.

With regard to defendant Dana Beaurem, Plaintiff failed to serve Beaurem personally or by registered mail, return receipt requested, as required by M.C.R. 2.105(A).  Instead, the complaint and summons were sent to Beaurem's employer by regular U.S. mail, and someone else received them.  Service of process by mail on an individual without return receipt requested is insufficient under Michigan law.  Clemons v. Gaines, 2007 WL 4547862 (E.D. Mich. Dec. 19, 2007).

The fact that defendants MFHS and Beaurem may have actual knowledge of this lawsuit is irrelevant and does not excuse Plaintiff's failure to serve them with process properly.  The United States Court of Appeals for the Sixth Circuit has held that it "will not allow actual knowledge of a lawsuit to substitute for proper service under [the Federal Rules of Civil Procedure]." LSJ Inv. Co., Inc. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999).

Even if the court were to find that Plaintiff had effected service on these defendants, dismissal is required under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  In this case, Plaintiff's complaint can be read to allege a "hybrid" § 301 claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), against both her employer and her union.  In order to recover against either the employer or the union, the employee must prove both "that the [employer] breached the [collective bargaining agreement] and that the union breached its duty of fair representation." Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am., 284

2

F. Supp. 2d 782, 786, aff'd, 471 F.3d 590 (6th Cir. 2005). The United States Supreme Court has held that such a hybrid claim has a six-month statute of limitations period. Costello v. International Bhd. of Teamsters, 462 U.S. 151, 169-70. According to plaintiff Reid, the events giving rise to her § 301 hybrid claim "occurred on February 9, 2011." Compl. at ¶¶ 11, 14. It was required that her lawsuit be filed on or before August 9, 2011. However, the complaint was filed August 12, 2011, three days after the expiration of the statute of limitations. Therefore, her hybrid § 301claim is time-barred.

Plaintiff's complaint also alleges that defendant Beaurem infringed upon her rights to due process in violation of Articles IV and VI of the U.S. Constitution and the Fifth and Fourteenth Amendments. Compl. at ¶¶ 3-4. Because there is no direct cause of action under the Constitution, however, Plaintiff's claims must be construed as being brought under 42 U.S.C. § 1983. See Cargile v. State of Michigan, 2010 WL 3222024 (E.D. Mich. June 18, 2010.) Under § 1983, a plaintiff must allege that he or she was deprived of a right secured by Constitution or by the laws of the United States by a person acting under color of state law. Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). A plaintiff may not proceed under § 1983 against a private party unless he or she shows that "the party's actions may be fairly attributable to the state." Id. at 1335.

In this case Plaintiff fails to support her allegations with any facts demonstrating how Beaurem, a private actor, engaged in state action. Therefore, the court will dismiss those claims pursuant to Rule 12 (b)(6).

**ORDER**

It is hereby **ORDERED** that defendants MFHS and Dana Beaurem's December 9, 2011 motion to dismiss is **GRANTED.**

                                                        s/John Corbett O'Meara  
                                                        United States District Judge

Date:  February 14, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 14, 2012, using the ECF system and/or ordinary mail.

                                                        s/William Barkholz  
                                                        Case Manager